IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHONDALE EASON,<br>    Plaintiff,<br><br>    v.<br><br>JOSEPH R. FUENTES, et al.,<br>    Defendants. | CIVIL NO. 13-5935(NLH/JS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Appearances:

MARK S. GERTEL
MARK S. GERTEL, P.C.
1040 KINGS HIGHWAY NORTH
SUITE 300
CHERRY HILL, NJ 08034
    *Attorney for plaintiff*

MARVIN L. FREEMAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
    *Attorney for defendants Joseph Fuentes, George Auge, Ryan Stec, R.J. Markert, New Jersey State Police*

**HILLMAN**, District Judge

    This matter having come before Court on plaintiff's motion to remand; and

    Defendants opposing the motion to remand on grounds that it is time-barred; and

    Pursuant to 28 U.S.C.A. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject

matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)[;]" and

A notice of removal was filed on October 4, 2013, and a copy of the notice of removal was faxed on the same day to plaintiff's counsel; and

The motion to remand was filed on November 5, 3013 on grounds of untimeliness;[1] and

Defendants have argued that because the notice of removal was filed on October 4, 2013, plaintiff was required to file a motion to remand within 30 days, or by November 3, 2013; but since November 3, 2013, was a Sunday, the deadline continued to run to the next day, November 4, 2013, and since plaintiff did not file until November 5, 2013, the motion to remand is untimely; and

Although the motion to remand was filed only one day after the deadline, the Third Circuit has strictly interpreted the thirty-day deadline in § 1447(c); see <u>Roxbury Condominium Ass'n,</u>

---

[1] This case was removed on grounds of federal question jurisdiction since plaintiff brought Constitutional claims pursuant to 42 U.S.C. § 1983 against the defendants.  Thus, plaintiff's objection to removal is procedural, not jurisdictional.  Any procedural defect must be raised within the 30 day deadline, or it is waived.  See <u>Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency</u>, 316 F.3d 224, 227 (3d Cir. 2003).  Therefore, although plaintiff seeks to remand on grounds that defendants' removal was untimely, her motion to remand was filed beyond the 30 day deadline making it untimely.  As such, her procedural argument based on timeliness is waived.

Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 227-28 (3d Cir. 2003) (finding that district court had no power to remand for a procedural defect once the 30-day statutory period lapsed); Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *3 (E.D.Pa. July 1, 2008) (denying plaintiffs' motion to remand because it was filed thirty-one days after removal); Michaels v. State of N.J., 955 F.Supp. 315 (D.N.J. 1996) ("Barring extraordinary circumstances, this court is not inclined to expand the thirty-day time limitation or permit amendments to a notice of removal after the thirty days have run."); and

Plaintiff filed no response to defendants' opposition to their motion to remand, or provided any reason or grounds for "good cause" for failing to file the motion to remand within the thirty-day time frame; see Ramos v. Quien, 631 F.Supp.2d 601 (E.D.Pa. 2008) (denying plaintiff's request because he failed to show his neglect in meeting § 1447(c)'s strict thirty-day deadline was "excusable" "for good cause."); and

Therefore, it is this ___14th___ day of April, 2014,

ORDERED that plaintiff's motion to remand [9] is DENIED.

                                                s/Noel L. Hillman
                                            NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey